IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

JEFFREY A. KIPP,

    Plaintiff,

V.                                                      CIVIL ACTION NO. 3:06-0411

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

**MEMORANDUM ORDER**

      In this action, filed under the provisions of 42 U.S.C. §§ 405(g) and 1383(c)(3), plaintiff seeks review of the final decision of the Commissioner of Social Security denying his applications for disability insurance benefits and supplemental security income based on disability. The case is presently pending before the Court on cross-motions of the parties for judgment on the pleadings.

      Plaintiff protectively filed his application for disability insurance benefits on June 13, 2003 and his application for supplemental security income on November 11, 2003, alleging disability commencing April 28, 2000,[1] as a consequence of problems with his back and depression. On appeal from initial and reconsidered denials, an administrative law judge, after hearing, found plaintiff not

---

[1] Plaintiff filed a prior application for disability insurance benefits on January 14, 2002. A hearing decision was entered on April 3, 2003. The administrative law judge in the present case concluded that this prior decision was res judicata, and the period for consideration here began April 4, 2003. Additionally, plaintiff's insured status expired June 30, 2004, and, for purposes of his application for disability insurance benefits, it was incumbent upon him to establish disability on or before that date. Harrah v. Richardson, 446 F.2d 1, 2 (4th Cir. 1971).

disabled in a decision which became the final decision of the Commissioner when the Appeals Council denied a request for review. Thereafter, plaintiff filed this action seeking review of the Commissioner's decision.

At the time of the administrative decision, plaintiff was forty-two years of age and had obtained a ninth grade education. His past relevant employment experience consisted of work as a construction worker, meat packer and asbestos removal laborer. In his decision, the administrative law judge determined that plaintiff suffers from "degenerative disc disease of the cervical/lumbosacral spine, depression, and history of right hand fracture," impairments which he found severe. Though concluding that plaintiff was unable to perform his past work,[2] the administrative law judge determined that he had the residual functional capacity to perform a limited range of light level work. On the basis of this finding, and relying on Rule 202.17 of the medical-vocational guidelines[3] and the testimony of a vocational expert, he found plaintiff not disabled.

From a review of the record, it is apparent that deficiencies exist which will require remand for further proceedings. Plaintiff has a history of back surgery in June of 1992, but was able to return to work until being injured April 28, 2000 when he fell off the back of a truck. He has continued to complain of pain in the low back with radiation into the legs since this time. MRI studies have been interpreted as showing degenerative changes and scar formation which have remained relatively stable. Plaintiff was treated at the Cabell Huntington Hospital Pain Management Center with various modalities, including physical therapy and injections, but has reported no lasting relief of lower back

---

[2] This finding had the effect of shifting a burden of production to the Commissioner with respect to other work plaintiff was capable of performing. Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981); McLamore v. Weinberger, 538 F.2d 572, 574 (4th Cir. 1976).

[3] 20 C.F.R. Part 404, Subpart P, Appendix 2, Table No. 2.

and right leg symptoms. He has similarly continued to complain of ongoing symptoms in his neck and right arm subsequent to cervical discectomy and fusion surgery in December 2004.

In addition to treatment notes, the record contains reports of several consultative examinations, and findings from these are conflicting. The administrative law judge's residual functional capacity findings consist of ability to perform light level work, lifting up to ten pounds frequently and twenty pounds occasionally; capable of standing, sitting or walking "as required throughout an eight-hour work day," unable to perform jobs requiring overhead reaching; and a need for simple jobs that do not involve more than low levels of stress.

The administrative law judge indicated that in formulating this assessment he relied upon "the consistent and well-supported opinions of the consultant examiner"[4] and the state agency medical experts whose assessments are found at Exhibit 32F. A review of these opinions shows, first, that the state agency medical advisors' opinions are dated January 23, 2004 and March 29, 2004, prior to the submission of a significant amount of evidence. Second, these reviewers found that plaintiff can ambulate five and one-half hours in an eight-hour day and that they "agree with ALJ Decision" which must refer to the April 3, 2003 hearing decision wherein the administrative law judge found plaintiff could sit for six hours alternating positions in an eight-hour day and stand and walk for two hours in an eight-hour day. It is not clear that these findings are necessarily in agreement, however.

---

[4]Since a consultative examination by Dr. Kip Beard, performed December 21, 2005, is the only such exam discussed by the administrative law judge in his review of the evidence, it is presumed these are the findings to which the administrative law judge refers. (See Exhibit 46F.)

Additionally, the state agency medical advisors found plaintiff could never climb ladders, ropes or scaffolds and could only occasionally climb ramps or stairs, balance, stoop, kneel, crouch or crawl and should avoid all exposure to hazards.

The consulting examiner, Dr. Beard, concluded plaintiff could lift/carry consistent with light work; stand and walk six hours per day; sit about six hours per day; push and pull with the upper and lower extremities on a limited basis; could never climb ladders, ropes or scaffolds; could occasionally climb ramps and stairs, kneel, crouch, crawl and stoop; and had limited ability to reach in all directions and to "handle" (gross manipulation), both of which he concluded could be done occasionally; and should have limited exposure to temperature extremes, vibration, humidity/wetness and hazards. Dr. Beard's clinical findings included an uncomfortable-looking gait without a limp; muscular tenderness and pain with range of motion testing and limited motion in the cervical spine; pain in the neck and back with shoulder range of motion which was limited; muscular tenderness, pain and limitation with range of motion in the lumbosacral spine; ability to heel, toe and tandem walk but with pain; and limited ability to squat (only half-way).

These opinions are somewhat but not completely consistent; however, neither has much in common with the administrative law judge's findings. Clearly, he chose to adopt very few of the findings from either assessment and provides no explanation as to why he chose the restrictions he did and rejected most of the rest, and it is not apparent from the rest of his decision. While the resolution of conflicts in the evidence is clearly a function of the Commissioner, not the courts, Thomas v. Celebreeze, 331 F.3d 541 (4th Cir. 1964), before this court can conduct a reasoned review of his decision, the Commissioner must "consider all relevant evidence" indicating "explicitly that

such evidence has been weighed . . . its weight"[5] and articulate "the reasons underlying his actions . . .." Murphy v. Bowen, 810 F.2d 433, 437 (4th Cir. 1987). The administrative law judge's apparent failure to comply with the requirements of the Murphy decision will require remand for a more careful evaluation of plaintiff's residual functional capacity and an explanation of the basis for findings with regard thereto. Thoughtful consideration must be given to the various opinions and medical findings in the record and how the combination of plaintiff's impairments limits his ability to work.

Additionally, plaintiff complains the administrative law judge's credibility findings are not supported by the evidence, in part because they take inadequate account of his spinal conditions. The Court notes the administrative law judge sets out the analysis to be undertaken in assessing pain and its effect on functioning,[6] but he never utilizes it. The only mention of credibility is in the numbered findings which follow the administrative law judge's decision. Finding number 5 reflects that "[plaintiff's] allegations regarding his limitations are not totally credible for the reasons set forth in the body of the decision." There are no reasons set forth, however. The administrative law judge obviously did not find plaintiff completely credible, but there is no indication of what he actually did find or why. Such findings, or lack thereof, clearly do not satisfy the administrative law judge's "'duty of explanation' when making determinations about the credibility of a claimant's testimony." Smith v. Heckler, 782 F.2d 1176, 1181 (4th Cir. 1986). In the absence of a specific reference "to the evidence informing [his] conclusion," Hammond v. Heckler, 765 F.2d 424, 426 (4th Cir. 1985),

---

[5]Arnold v. Secretary of Health, Education and Welfare, 567 F.2d 258, 259 (4th Cir. 1977).

[6]See Social Security Ruling 96-7p, 20 C.F.R. §§ 404.1529, 416.929.

additional findings on this issue will also be required on remand. The parties should also be permitted to submit additional evidence.

On the basis of the foregoing, it is **ORDERED** that this case be remanded to the Commissioner for further proceedings consistent with this Memorandum Order.

The Clerk is directed to transmit a copy of this Memorandum Order to all counsel of record.

ENTER: May 21, 2009

_____
MAURICE G. TAYLOR, JR.
UNITED STATES MAGISTRATE JUDGE